UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREE, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>SUPERCELL OY,<br><br>          Defendant. | Case No. 21-mc-80069-TSH<br><br>**ORDER GRANTING MOTION FOR ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

GREE, Inc. moves this Court for an order pursuant to Federal Rule of Civil Procedure 45(g) for non-party Discord, Inc. to show cause why it should not be held in civil contempt for failing to obey the subpoena served upon it on March 5, 2021. ECF No. 1. For the reasons explained below, the Court **ORDERS** Discord to appear before this Court on April 29, 2021 at 10:00 a.m. to show cause why it should not be held in civil contempt for failure to obey the subpoena.

## II. BACKGROUND

The litigation giving rise to this motion is a patent litigation matter pending in the United States District Court for the Eastern District of Texas, *Gree, Inc. v. Supercell Oy*, No. 2:20-cv-00113-JRG-RSP, filed on April 21, 2020. In that case, GREE accuses the Clash Royale game of Supercell Oy of infringing U.S. Patent Nos. 10,549,187, 10,610,771, and 10,625,149. Fact discovery in the underlying litigation is set to close on April 2, 2021. Mot. at 1. According to GREE, it identified comments posted on Discord's social media platform relevant to issues in the underlying litigation as they relate to users experience with and consideration of specifically accused features. *Id.*; Boothe Decl., Ex. B (representative sampling of such comments).

1   On March 5, 2021, pursuant to Rule 45, and after multiple attempts at service on Discord's registered agent in California, GREE served a subpoena duces tecum and subpoena ad testificandum on Discord on its other registered agent in Delaware.  Boothe Decl., Ex. A (subpoenas); Ex. C (affidavits of service).  The subpoenas request that Discord produce documents and testimony relating to specifically identified posts on Discord's website.  The subpoenas request that documents be produced on March 17, 2021, and that Discord provide a witness to authenticate its documents by March 18, 2021.  Discord failed to respond to the subpoenas by the required dates.  *Id.*, Decl. ¶ 4.

On March 23, 2021, counsel for GREE, Norris P. Boothe, sent an email to privacy@discord.com attempting to reach Discord and informing Discord that it had not timely responded to the subpoenas.  *Id.*, Ex. D.  When Discord failed to respond to that email, Mr. Boothe followed up with a second email to Discord on March 25, 2021, informing Discord that GREE would seek Court intervention if Discord did not respond.  *Id.*, Ex. E.  Further, on March 26, counsel for GREE, Taylor Ludlam, discovered an additional email address for Discord to which all service of process and law enforcement claims were to be sent (*see* Working with law enforcement, Discord.com, https://discord.com/safety/360044157931-Working-with-law-enforcement (last visited April 1, 2021)).  Ludlam Decl. ¶ 1.  Ms. Ludlam followed up on the two prior emails with another email to the address: lawenforcement@discord.com attempting, yet again to obtain a response from Discord.  *Id.*, Ex. A.  Further, Ms. Ludlam left a voicemail in the general voicemail box for Discord asking for any response from Discord.  *Id.* ¶ 2.  Despite further diligence, no further contact information is available for Discord.

GREE filed the present motion on March 31, 2021.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 45 permits the use of a subpoena to command a nonparty recipient to produce specified books, documents, electronically stored information, or other tangible things in the recipient's possession, custody and control.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  After the proponent has served the subpoena, the recipient may elect to comply with the subpoena, or may move to quash based on undue cost or burden, object to the subpoena's form, or challenge

2

the subpoena, according to procedures set forth in Rule 45. If the recipient fails or refuses to respond to the subpoena, the proponent may first try to negotiate compliance, as by offering to meet and confer, but ultimately, if the recipient fails to comply without adequate excuse, the recipient is in contempt of court, and the proponent must file an application for an order to show cause why a contempt citation should not issue. *See Alcalde v. NAC Real Est. Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). "[W]hen a non-party does not comply with a subpoena and does not appear for deposition, the most appropriate procedural step is to file an application for an order to show cause, not a motion to compel." *Martinez v. City of Pittsburg*, 2012 WL 699462, at *4 (N.D. Cal. Mar. 1, 2012).

## IV. DISCUSSION

Here, the subpoenas sought compliance in this District, where Discord's principal place of business is located, yet Discord has failed to respond. Boothe Decl., Ex. A. The subpoenas contained all required information (such as the time and place of the deposition) and service of the subpoenas was properly made on Discord's agent for service of process. Boothe Decl., Ex. C. As such, the Court turns to the consequences of Discord's non-compliance.

"Subpoenas issued by attorneys are issued on behalf of the court and thus are treated as orders of the court." *Martinez*, 2012 WL 699462, at *2 (citing *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010); *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001). A contempt charge against a nonparty may be criminal or civil in nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Criminal contempt is punitive, and it is designed to punish the affront to the court. *See Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911); *see also In re Sequoia Auto Brokers LTD., Inc.*, 827 F.2d 1281, 1283 n. 1 (9th Cir.1987). Thus, it may include fines payable to the court and it also may include jail time. 18 U.S.C. § 401.

GREE asks for the Court to hold Discord in civil contempt. Mot. at 4. "Civil contempt is characterized by the Court's desire to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries which result from the non-compliance." *Martinez*, 2012 WL 699462, at *3 (citing *Falstaff Brewing Corp.*, 702 F.2d at 778). A district court has wide

3

1    latitude in determining whether there has been a contemptuous defiance of one of its orders. *Stone*

2    *v. City & Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), *as amended on denial of reh'g*

3    (Aug. 25, 1992). "A civil contempt order must be accompanied by a 'purge' condition, meaning,

4    it must give the contemnor an opportunity to comply with the order before payment of the fine or

5    other sanction becomes due." *Martinez*, 2012 WL 699462, at *3 (citing *De Parcq v. U.S. Dist. Ct.*

6    *for S. Dist. of Iowa*, 235 F.2d 692, 699 (8th Cir. 1956) ("[C]ivil contempt is conditional in nature

7    and can be terminated if the contemnor purges himself of the contempt.")). In imposing civil

8    contempt sanctions, the court must impose the least possible sanction to coerce the contemnor to

9    comply with the order. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992)

10   ("Generally, the minimum sanction necessary to obtain compliance is to be imposed.") (citing

11   *Spallone v. United States*, 493 U.S. 265, 280 (1990)). Where the purpose of the contempt order is

12   to ensure a party's compliance, the court must "consider the character and magnitude of the harm

13   threatened by continued contumacy, and the probable effectiveness of any suggested sanction in

14   bringing about the result desired." *Bademyan v. Receivable Mgmt Servs. Corp.*, 2009 WL 605789,

15   at *3 (C.D.Cal. Mar. 9, 2009) (citing *Whittaker*, 953 F.2d at 516).

16       To establish civil contempt, GREE must show by clear and convincing evidence that

17   Discord violated a specific order of the court. *See F.T.C. v. Affordable Media*, 179 F.3d 1228,

18   1239 (9th Cir. 1999). If GREE meets that burden, Discord must then show that it took every

19   reasonable step to comply with the subpoena and to articulate reasons why compliance was not

20   possible. *See Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983). A court may consider a

21   history of noncompliance and a failure to comply despite the pendency of a contempt motion. *See*

22   *Stone*, 968 F.2d at 856-57. If an alleged contemnor's actions were taken in good faith or based on

23   a reasonable interpretation, it should not be held in contempt. *Id.*

24       As discussed above, GREE has shown that Discord violated a specific and definite order of

25   the Court by failing to comply with the subpoenas. The Court thus grants GREE's motion for an

26   order to show cause. See *Martinez*, 2012 WL 699462, at *3 (employing this procedure); *Prescott*

27   *v. Cty. of Stanislaus*, 2012 WL 10617, at *4 (E.D. Cal. Jan. 3, 2012) (same); *Rodriguez v. Cty. of*

28   *Stanislaus*, 2010 WL 3733843, at *6 (Sep. 16, 2010) (proper procedure is issuing the order to

show cause).

## V. CONCLUSION AND ORDER TO SHOW CAUSE

Based on the analysis above, the Court **GRANTS** GREE's motion and **ORDERS** Discord, Inc. to show cause why it should be held in contempt for its failure to comply with the subpoena. Discord shall file a declaration by April 15, 2021, and the Court shall conduct a hearing on April 29, 2021 at 10:00 a.m. by Zoom video conference. The webinar link and instructions are located at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/. Should Discord arrange with GREE to provide the requested documents and a witness to authenticate them prior to April 15, 2021, the parties shall notify the Court immediately, and the April 15 show cause hearing will be vacated.

GREE shall serve this order upon Discord and e-file proof of service by April 5, 2021.

**IT IS SO ORDERED.**

Dated: April 1, 2021

THOMAS S. HIXSON
United States Magistrate Judge